UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADC TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, NINTENDO OF AMERICA INC., SONY CORPORATION OF AMERICA. and SONY COMPUTER ENTERTAINMENT AMERICA INC., <br><br> Defendants. | Cause No. <br><br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff ADC Technology, Inc. ("ADC") complains of Defendants as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. ADC Technology, Inc. is a foreign corporation with its principal place of business at Nagoya, Japan. ADC is the named assignee of, owns all right title and interest in, and has standing to sue for infringement of a portfolio of patents duly and legally issued to Takeya Okamoto relating to interactive communications systems and methods for

COMPLAINT - 1

MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE: 206.274.5100

communicating video game software. Relevant issued patents include (collectively, the "Subject Patents"):

- U.S. Patent 5,775,995, titled "Interactive Communication System for Communicating Video" filed May 3, 1996 and issued July 7, 1998 (copy attached as Exhibit A);
- U.S. Patent 6,193,520, titled "Interactive Communication System for Communicating Video Game and Karaoke Software" filed July 2, 1998 and issued February 27, 2001 (copy attached as Exhibit B);
- U.S. Patent 6,488,508, titled "Interactive Communication System for Communicating Video Game and Karaoke Software" filed December 8, 2000 and issued December 3, 2002 (copy attached as Exhibit C);
- U.S. Patent 6,702,585, titled "Interactive Communication System for Communicating Video Game and Karaoke Software" filed December 2, 2002 and issued March 9, 2004 (copy attached as Exhibit D);
- U.S. Patent 6,875,021, titled "Interactive Communication System for Communicating Video Game and Karaoke Software" filed November 14, 2003 and issued April 5, 2005 (copy attached as Exhibit E);

3. Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with a principal place of business at One Microsoft Way, Redmond, Washington. Upon information and belief, Microsoft is in the business of developing, manufacturing, and distributing electronic video game hardware, software, accessories and online services, and transacts business and has sold to customers in this judicial district and throughout the State of Washington products that infringe one or more claims of the Asserted Patents.

4. Defendant Sony Corporation of America is a New York corporation with a principal place of business at 550 Madison Avenue, New York, New York 10022. Upon information and belief, Defendant Sony Computer Entertainment America Inc., is a wholly owned subsidiary of Sony Corporation of America and is a California corporation with a

COMPLAINT - 2

principal place of business at 919 East Hillsdale Blvd., Foster City CA, 94404. Upon information and belief, Sony Corporation of America and Sony Computer Entertainment America Inc. (collectively "Sony") are in the business of developing, manufacturing, and distributing electronic video game hardware, software, accessories and online services, and transacts business and has sold to customers in this judicial district and throughout the State of Washington products and/or services that infringe claims of the Asserted Patents.

5. Defendant Nintendo of America Inc. ("Nintendo") is a Washington corporation with a principal place of business in Redmond, Washington. Nintendo of America is a wholly-owned subsidiary of Nintendo Co., Ltd., a Japanese company with headquarters and principal place of business in Kyoto, Japan. Upon information and belief, Nintendo is in the business of developing, manufacturing, and distributing electronic video game hardware, software, accessories and online services, and transacts business and has sold to customers in this judicial district and throughout the State of Washington products and/or services that infringe one or more claims of the Asserted Patents.

## JURISDICTION AND VENUE

6. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1338(a).

7. Personal Jurisdiction over the defendants is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

8. Defendant Microsoft has been and is infringing each of the Subject Patents by making, offering for sale, selling and/or importing in the United States video game playing and distribution systems that infringe one or more claims of each of the Subject Patents, including, by way of example but not limitation, the Xbox 360 game console and the Xbox LIVE game service provided as an enhancement to the Xbox 360 game console. Microsoft has also infringed each of the Subject Patents by knowingly and actively inducing others to

infringe and by contributing to the infringement by others through the sale and use of such video game playing and distribution systems.

9.  Microsoft's infringement, contributory infringement and inducement to infringe have been willful and have deliberate injured and will continue to injure ADC Technology Inc., unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the Subject Patents.

10. Defendant Nintendo has been and is infringing each of the Subject Patents by making, offering for sale, selling and/or importing in the United States video game playing and distribution systems that infringe one or more claims of the '585, '508 and '021 Patents, including, by way of example but not limitation, the Wii game console and the Nintendo online entertainment services incorporated into one or more Nintendo products including the Nintendo Channel, the Wii Shopping Channel, Virtual Console and Wii Ware. Nintendo has also infringed each of the Subject Patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others through the sale and use of such video game playing and distribution systems.

11. Nintendo's infringement, contributory infringement and inducement to infringe have been willful and have deliberate injured and will continue to injure ADC Technology Inc., unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '585, '508 and '021 Patents.

12. Defendant Sony has been and is infringing each of the Subject Patents by making, offering for sale, selling and/or importing in the United States video game playing and distribution systems that infringe one or more claims of each of the Subject Patents, including, by way of example but not limitation, the PS3 game console and the PSN game service provided as an enhancement to the PS3 game console. Sony has also infringed each of the Subject Patents by knowingly and actively inducing others to infringe and by

MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE: 206.274.5100

contributing to the infringement by others through the sale and use of such video game playing and distribution systems.

13. Sony's infringement, contributory infringement and inducement to infringe have been willful and have deliberate injured and will continue to injure ADC Technology Inc., unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the Subject Patents.

## PRAYER FOR RELIEF

WHEREFORE, ADC asks this Court to enter judgment against defendants and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate ADC for the infringement that has occurred, together with prejudgment interest from the date infringement of the Subject Patents began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to ADC of its attorneys' fees and costs as provided by 35 U.S.C. § 284;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Subject Patents; and,

E. Such other and further relief as this Court or a jury may deem proper and just.

//
//
//
//
//

MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
TELEPHONE: 206.274.5100

## JURY DEMAND

ADC demands a trial by jury on all issues presented in this Complaint.

Dated this 27th day of October, 2008.

Respectfully submitted,

/s/ *Philip P. Mann*
Philip P. Mann, WSBA No: 28860
MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, Washington 98101
Phone (206) 274-5100
Fax (866) 341-5140
phil@mannlawgroup.com


John Whitaker, WSBA No. 28868
WHITAKER LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, Washington 98101
Phone (206) 319-1575
johnl@wlawgrp.com


Attorneys for Plaintiff
ADC Technology, Inc.